**In re: Pamela M. ERWIN, Debtor,**

**Pamela M. Erwin, Plaintiff—Appellant,**

**v.**

**Federal Metals Credit Union, Defendant—Appellee.**

No. 01–35120.

D.C. No. CV–00–06314–AA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2002.

Decided May 20, 2002.

---

v.

Richard JONAS, dba Lead's Manufacturing Company, Defendant—Appellee.

Nos. 01–35280, 01–35490.
D.C. Nos. CV–00–06059–MRH, CV–00–06059–HO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2002.

Decided May 20, 2002.

Before TROTT and T.G. NELSON, Circuit Judges, and SHADUR,* District Judge.

## MEMORANDUM **

Pamela M. Erwin appeals the district court's dismissal of her appeal and affirmance of the bankruptcy court's decision. We affirm. Assuming, for the purpose of this decision, that the wages in question were indeed the property of the estate, as Erwin argues, and not of the Credit Union, we nonetheless conclude that the property did not revert to Erwin and that she therefore lacks standing.

The estate did not formally abandon the property pursuant to 11 U.S.C. § 554(a), and Erwin never forced abandonment under 11 U.S.C. § 554(b). The property was not scheduled and thus did not revert to the debtor pursuant to 11 U.S.C. § 554(c).[1] Finally, the property was not administered. Accordingly, pursuant to 11 U.S.C. § 554(d), it remained property of the estate,[2] and Erwin lacks any interest in it sufficient to confer standing.[3]

For the foregoing reasons, we affirm the decision of the district court.

AFFIRMED.

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We do not imply that the property should have been scheduled; we merely note that it was not. Cf. Cusano v. Klein, 264 F.3d 936, 947 (9th Cir.2001) (noting that, as a general rule, "a debtor has no duty to schedule a cause of action that did not accrue prior to bankruptcy").

2. See Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 709 (9th Cir.1986).

3. Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 n. 2 (9th Cir.1994) (stating the rule that the bankruptcy trustee, as the representative of the bankruptcy estate, is "the only party with standing" to prosecute causes of action belonging to the estate) (internal quotation marks and citation omitted).